Maria S. Bellafronto (State Bar No. 161994)
mbellafr@hopkinscarley.com
Jedidiah L. Dooley (State Bar No. 240105)
jdooley@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 S. First Street
San Jose, CA  95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:     (408) 286-9800
Facsimile:      (408) 998-4790

Attorneys for Plaintiff Judith Jenkins

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JUDITH JENKINS,<br><br>           Plaintiff<br><br>    v.<br><br>JEFFREY WILLIAM TRUEMAN, an individual; JOHN BULLOCK, an individual; JEFF BULLOCK, an individual; ALCOVE MEDICAL, INC., a Utah corporation; SCIENCE MEDICAL, LLC dba BLUE HARBOR MEDICAL, LLC, a Utah limited liability company, and DOES 1 through 10, inclusive,<br><br>           Defendants. | CASE NO.  4:19-CV-08350-KAW<br><br>**PLAINTIFF'S CASE MANAGEMENT STATEMENT**<br><br>Hearing Date:  March 24, 2020<br>Time:  1:30 p.m.<br>Location:  Ronald Dellums Federal Building<br>                  1301 Clay Street<br>                  Oakland, CA 94612<br><br>Date Action Filed:  December 20, 2019<br>Trial Date:  TBD |

Pursuant to Rule 16 and Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 16-9, the Standing Order for All Judges of the Northern District of California re Contents of Joint Case Management Statements, and the Court's Order re Initial Case Management Scheduling, Plaintiff Judith Jenkins ("Plaintiff" or "Jenkins") by and through her undersigned counsel, submit the following Joint Case Management Statement to assist the Court with issuing a Scheduling Order on March 24, 2020.

Plaintiff notes that the Parties had a telephonic meeting of counsel on March 2, 2020 to discuss the issues addressed herein.  On or about March 10, 2020, Plaintiff's counsel circulated a draft of this statement to Defendants' counsel.  While Plaintiff's counsel followed up several times, Defendants' counsel has not provided any response as the date of this filing (which was the deadline to file).  As a result, Plaintiff is filing her case management conference statement separately.

The positions set forth in this report are based on counsel's current understanding of the legal and factual issues involved in the case.  Plaintiff acknowledges that as discovery proceeds and the case progresses, the beliefs and views set forth herein may change or evolve.  Counsel met and conferred to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to arrange for the disclosures required by Rule 26(a)(1), and to develop a proposed discovery plan that indicates the Parties' views and proposals concerning the following:

**1.     Jurisdiction and Service**

All parties to the action have been served.  By way of stipulation, the deadline for Defendants John Bullock, Jeff Bullock, Science Medical, and Alcove Medical to serve a responsive pleading is March 30, 2020.  By way of stipulation, the deadline for Defendant Jeffrey Trueman to file and serve a responsive pleading is March 16, 2020.

To date, no Party has raised any issue regarding personal jurisdiction or venue.

Plaintiff Jenkins has set forth claims pursuant to the Securities and Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78a *et. seq*.  This Court has original subject matter jurisdiction over Exchange Act claims pursuant to 28 U.S.C. § 1331 and § 27 of the Exchange Act, 15 U.S.C

§ 78aa. This Court has pendent jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 in that said claims are joined with substantially related claims under the Exchange Act.

**2.      Chronology of Facts and Principal Factual Issues in Dispute**

This action arises out of Defendants' fraudulent conduct surrounding Jenkins' $1 million investment in Science Medical, LLC ("Science Medical" or the "Company"). More specifically, in or around 2015, Defendants approached Jenkins about investing in Science Medical. In order to entice Jenkins to invest, Defendants explained that Science Medical was an emerging company based out of Utah that provided a great investment opportunity for Jenkins with huge potential upside and the ability to "save lives" from a breathing device the company developed and was in the process of getting patented with FDA approval. In connection with the initial pitch, Defendants also provided Jenkins with a marketing brochure, setting forth various financial projections, including demonstrating that the Company expected substantial revenue and profits in the near future. Later, Defendants also explained that the Company was offering for sale disposable bed sheets for use in hospitals that similarly had a significant financial upside. Based on the information provided to her by Defendants, Jenkins made three investments in Science Medical in late 2015 and early 2016 totaling $1 million.

Despite her trust in Defendants, in particular her former financial advisor Defendant Trueman, Jenkins has recently discovered that the representations made to her were false and omitted material information. Solely by way of example, Jenkins has recently learned that at the time of Defendants' solicitation of her investment in the Company (i) the Company had little to no working capital, (ii) the Company had already burned through all of its prior investment funds from other third party investors (which was more than Defendants originally expected to raise); (iii) the Company still did not have a viable, FDA approved, product to sell; and (iv) the Company was on pace to lose hundreds of thousands of dollars in 2015 alone – a stark contrast from the promising financial picture Plaintiff was presented during the Defendants' sales pitches.

As a result of Defendants' conduct, Plaintiff seeks rescission of Plaintiff's investment in Science Medical, damages in an amount no less than $1,000,000, punitive damages, treble damages pursuant to California Welfare & Institutions Code section 15610.30, et. seq., and

530\3475792.3                              - 3 -
PLAINTIFF'S CASE MANAGEMENT STATEMENT            CASE NO. _4:19-CV-08350-KAW

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

attorneys' fees and costs.

**3.  Legal Issues**

(1) Whether Defendants violated the Federal Securities Laws;

(2) Whether Defendants violated the State of California's Securities Laws;

(3) Whether Defendants committed Fraud;

(4) Whether Defendants Aided and Abetted Fraud;

(5) Whether Defendants Breached their Fiduciary Duties; and

(6) Whether Defendants committed Financial Elder Abuse.

**4.  Motions**

Christopher Hill, prior counsel for Defendants Jeff Bullock and John Bullock filed a Motion to Withdraw as Attorney on March 2, 2020, and which was set for hearing on March 5, 2020 at 1:30 p.m.  That motion was granted on or about March 5, 2020.

Plaintiff may file a dispositive motion at a later time in the action, and may also file discovery and pre-trial motions as necessary.

**5.  Amendment of Pleadings**

Plaintiff proposes that any amended pleading be filed by August 31, 2020.

**6.  Evidence Preservation**

Plaintiff has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information.  The Parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.  All Parties have taken steps to preserve relevant paper and electronic documents.

**7.  Disclosures**

The Parties have stipulated that they will exchange Rule 26 Initial Disclosures on March 31, 2020.

**8.  Discovery**

    **A.  Scope of Anticipated Discovery and No Modification to Rules**

The Parties anticipate serving written discovery and taking percipient witness depositions

with respect to the claims at issue in the complaint.  The Parties agree there is no need for a plan for phased discovery, nor a plan for discovery that falls outside the bounds of the limits proscribed by the Federal Rules of Civil Procedure.  As of the date of this statement, the only discovery that has been conducted is that Plaintiff has served several third party subpoenas.

### B.  ESI Stipulation

The Parties anticipate stipulating to an e-discovery order, and in the interim Plaintiff proposes the following procedures for disclosure of electronically stored information ("ESI"):

Each scanned hard copy document and electronic document shall be produced in electronic format, with TIFF image files and load files suitable for Concordance-compatible litigation support review databases (e.g. Catalyst and DISCO).  Each file shall have a unique production number in the file name, followed by the appropriate file extension.  If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document, and multiple documents shall not be merged into a single record.  Documents shall be produced in text-searchable format with OCR provided for content (other than material redacted).  Each document image shall contain a footer with a sequentially ascending production number and any confidentiality label.  Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media.

### C.  Protective Order

The parties do not anticipate seeking a protective order governing the review and dissemination of documents produced in this action.

### D.  Privilege Issues

Plaintiff proposes that the parties deal with privileged documents in the following manner:

The parties agree that responsive documents and communications with outside litigation counsel covered by applicable privileges (i.e. the attorney-client privilege and/or work product doctrine) leading up to and following the December 20, 2019 filing of the complaint need not be identified on any privilege log.

The Parties also agree that communications between any testifying expert and any attorney for either party do not need to be "logged" to be protected, and that the parties will provide only the communications exempt from protection under Rule 26, such as those relating to compensation or identifying facts or assumptions considered or relied upon.

The Parties further agree that if any privileged document or communication is inadvertently produced or disclosed during the course of this case, the party receiving any such information shall promptly notify the producing party of the suspected inadvertent disclosure. The receiving party will refrain from examining the material any further, and must not use or disclose the information until the claim is resolved by agreement of the Parties or with guidance from the Court.  If the producing party indicates that the material at issue is privileged material that was inadvertently disclosed, it shall provide timely written notice, and the receiving party must immediately return, sequester, or destroy the specified information and any copies it has; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim.  The Parties agree that prompt notice of an inadvertent disclosure constitutes reasonable steps to rectify the error pursuant to Federal Rule of Evidence 502(b).

**9.     Class Actions**

This case is not a class action.

**10.    Related Cases**

There are no related cases.

**11.    Relief**

Plaintiff Jenkins seeks the following relief:

- Monetary damages in excess of $1,000,000, plus interest;
- Punitive damages;
- Treble damages pursuant to California Welfare & Institutions Code section 15610.30, *et.seq*;
- Recession of Plaintiff's investment in Science Medical;
- An award of Plaintiff's attorney's fees and costs in this action.

**12.   Settlement and ADR**

The parties have agreed to attend private mediation with Hon. Alfred Chiantelli (Ret.) on or about April 2, 2020.

**13.   Consent to Magistrate Judge for All Purposes**

Plaintiff has agreed to have a Magistrate Judge preside over the entire action.

**14.   Other References**

The Parties agree this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.   Narrowing of Issues**

Given the early stage of this lawsuit, the Parties do not believe any issues may be narrowed at this time. Plaintiff will work in good faith to narrow any issues and to expedite the presentation of evidence at trial as opportunities arise.

**16.   Expedited Trial Procedure**

The Parties agree this action is not appropriate for the Expedited Trial Procedures of General Order No. 64 Attachment A.

**17.   Proposed Schedule for Discovery, Motions, and Trial**

Plaintiff estimates a 6-7 day trial, and proposes the following schedule:

| | |
|---|---|
| Trial Dates: | July 19, 2021 through July 27, 2021 |
| | (Est. 6-7 day jury trial) |
| Pre-trial Conference: | Wednesday, July 14, 2021 |
| Dispositive Motion Hearing Cutoff: | Thursday, April 22, 2021 |
| Expert Discovery Cutoff: | February 5, 2020 |
| Expert Disclosures: | November 16, 2020 (initial) and |
| | December 16, 2020 (rebuttal) |
| Non-Expert Discovery Cutoff: | Friday, October 30, 2020 |

**18.   Trial**

Plaintiff anticipates needing 6-7 days for the jury trial Plaintiff requested in this action.

///

19. **Disclosure of Non-party Interested Entities or Persons**

Plaintiff does not have any interested parties to disclose.

20. **Professional Conduct**

Plaintiff's counsel have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. **Other Matters: Email Service Agreement**

None at this time.

Dated: March 16, 2020   HOPKINS & CARLEY
                        A Law Corporation


                        By: /s/ Jedidiah L. Dooley
                            Maria S. Bellafronto
                            Jedidiah L. Dooley
                            Attorneys for Plaintiff Judith Jenkins