UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDITH JENKINS,<br><br>        Plaintiff,<br><br>       v.<br><br>JEFFREY WILLIAM TRUEMAN, et al.,<br><br>        Defendants. | Case No. 19-cv-08350-VC<br><br>**RULINGS ON THE PARTIES' MOTIONS IN LIMINE**<br><br>Re: Dkt. Nos. 104, 105, 109, 110, 111 |

      This order summarizes the Court's rulings on the parties' motions in limine. As a reminder, a ruling on a motion in limine may be revised at trial. *See City of Pomona v. SQM North America Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017).

      1. The defendants' motions in limine to preclude Jenkins from testifying and to preclude her prior testimony from being used at trial are granted as unopposed.

      2. The plaintiff's motion to exclude documents not previously produced and witnesses not disclosed is denied as moot—the defendants are not offering any evidence that has not been properly disclosed. If a party wishes to introduce evidence that has not yet been produced, they must seek leave of the Court.

      3. The plaintiff's motion to exclude the testimony of Phipps as an expert witness is granted, to the extent that his testimony goes beyond the testimony of Ray, the plaintiff's expert. *See* Fed. R. Civ. Pro. 26(a)(2)(D)(ii). Specifically, Phipps may not offer rebuttal expert testimony concerning the propriety of Science Medical's payments. Phipps may only offer rebuttal expert testimony challenging Ray's calculations.

      4. The plaintiff's motion to exclude the testimony of Parrish as an expert witness is

denied as moot, per the discussion at the pretrial conference. The parties have stipulated that the plaintiff's expert will not be offering an opinion on Trueman's potential ethical violations at trial, and therefore the defendants will not introduce Parrish's rebuttal expert testimony.

**IT IS SO ORDERED.**

Dated: October 19, 2021

VINCE CHHABRIA
United States District Judge