UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDITH JENKINS,<br><br>        Plaintiff,<br><br>    v.<br><br>JEFFREY WILLIAM TRUEMAN, et al.,<br><br>        Defendants. | Case No. 19-cv-08350-VC<br><br>**ORDER DENYING MOTIONS FOR ATTORNEY'S FEES**<br><br>Re: Dkt. Nos. 187, 192, 193, 194 |

       The defendants' motions for attorney's fees are denied. This order assumes the reader is familiar with the case.

       Under Utah law, members of an LLC are "deemed to assent to the operating agreement." Utah Code Ann. § 48-3a-113. Jenkins argues that this provision does not apply because the operating agreement's effective date is April 2013, while the provision only became effective as of January 2014. But the provision applies because it was effective as of Jenkins' first investment in 2015. As a 10% owner of Science Medical, Jenkins is a member of the LLC and is bound by the operating agreement. That agreement provides that the prevailing party may recover attorney's fees in "a breach or dispute arising under this Operating Agreement." Dkt. No. 187-2 § 16.8.

       The majority of Jenkins' claims—including all her claims against Trueman—concern the defendants' efforts to secure her investments in Science Medical. Those claims may relate to the operating agreement, but they do not arise under it. The defendants therefore cannot recover attorney's fees based on those claims.

       Jenkins' claims against the Bullocks for breach of fiduciary duty present a more difficult

question under Utah law, which governs interpretation of the agreement. Dkt. No. 187-2 § 16.3. Those claims certainly relate to the operating agreement. *See Energy Claims Limited v. Catalyst Investment Group Limited*, 325 P.3d 70, 82 (Utah 2014). But Utah case law does not resolve whether fiduciary duty claims arise under an operating agreement. In other contexts, courts have held that "arising under" is much narrower language than "arising under or relating to." *See, e.g.*, *Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1464 (9th Cir. 1983). That alone does not resolve this question, and the statutory context of this case lends some support to each side's argument.

It's easy enough to explain how the statutory scheme functions: A manager's duties of care and loyalty are defined either by the operating agreement or by statute. The operating agreement's language controls so long as it stays within certain statutory limits. If the operating agreement is silent, the statute's language controls. The Bullocks' view is that the operating agreement is always the basis for a breach of fiduciary duty claim. Jenkins' position is that it's always the statute that gives rise to the claim, even if the agreement modifies the standard.

The Bullocks have one strong provision in their favor, which states: "Except as otherwise provided . . . the operating agreement governs . . . the rights and duties under this chapter of a person in the capacity of manager." Utah Code Ann. § 48-3a-112(1). If that were all, then fiduciary duty claims governed by an operating agreement would surely arise under that agreement.

But the statute says quite a bit more about the duties of care and loyalty, which—as was explained to the jury—comprise a manager's fiduciary duty. Dkt. No. 179 at 23. One limit is that "[a]n operating agreement may not . . . eliminate the duty of loyalty or the duty of care." Utah Code Ann. § 48-3a-112(3). The agreement may "alter or eliminate . . . aspects of the duty of loyalty" and may "alter" (but not eliminate) the duty of care, so long as such changes are not unconscionable or against public policy. *Id.* § 48-3a-112(3). The terms "eliminate" and "alter" suggest that the duties of loyalty and care preexist the operating agreement. And indeed they do: Another section creates, assigns, and defines those duties. *Id.* § 48-3a-409(1)–(3), (9). While it's

2

possible to understand that section as a fallback in the event of a silent operating agreement, by its plain language it is the origin of the duties. Jenkins therefore has the better argument: Utah statute creates the fiduciary duty, and claims for breach of that duty therefore arise out of the statute, not the operating agreement.

The alternative conclusion would lead to odd results. Consider an operating agreement that was totally silent on the duties of loyalty and care. Clearly the statutory duties would apply. But would a fiduciary duty claim still arise under the silent operating agreement? Or consider an operating agreement that addresses only one of the two duties. Would the basis of a claim for breach of fiduciary duty then depend on whether the plaintiff's theory is mostly about loyalty or mostly about care? That scenario is easy to envision because it is this very case: The operating agreement for Science Medical is silent on the duty of loyalty, but not the duty of care. *See* Dkt. No. 187-2 § 9.5.

Prior to this motion, everyone thought the fiduciary duty claims in this case arose under Utah statute, not the operating agreement. Indeed, the Bullocks themselves proposed a jury instruction based on section 409. Dkt. No. 120 at 99. Of course, the way a case is litigated does not change the basis of a claim (though arguably the Bullocks forfeited the argument that the fiduciary duty claims arise under the operating agreement). In any event, as matter of Utah law, the Court concludes that the fiduciary duty claims do not arise under the operating agreement and are not covered by the provision for attorney's fees.

**IT IS SO ORDERED.**

Dated: October 27, 2022

_____
VINCE CHHABRIA
United States District Judge